1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   CHARLES FRANCIS, an individual; and        Case No.:  19-CV-217 JLS (BLM)
     WILMA FRANCIS, an individual,
12
                                    Plaintiffs,   **ORDER DENYING PLAINTIFFS'**
13                                                **MOTION TO REMAND**
     v.
14                                                (ECF No. 6)
15   WYNDHAM VACATION RESORTS,
     INC., a Delaware corporation; and
16   PTVO OWNERS ASSOCIATION, INC.,
     a Delaware corporation,
17
                                   Defendants.
18

19

20        Presently before the Court is Plaintiffs' Motion to Remand ("Mot.," ECF No. 6), to

21   which Defendants Wyndham Vacation Resorts, Inc. and PTVO Owners Association, Inc.

22   filed an Opposition ("Opp'n," ECF No. 9).  The Court took this matter under submission

23   without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 7.  Having

24   considered the parties' arguments and the law, the Court **DENIES** Plaintiffs' Motion.

25                                 **BACKGROUND**

26        Plaintiffs filed this action in the Superior Court of the State of California, County of

27   San Diego, on November 8, 2018, alleging causes of action for: (1) violation of the

28   Vacation Ownership and Time-Share Act, California Business and Professions Code

1

§§ 11210 *et seq.*; (2) violation of the Consumer Legal Remedies Act, California Welfare and Institutions Code §§ 15600 *et seq.*; (3) fraud; (4) negligent misrepresentation; (5) violation of the Elder Abuse and Dependent Adult Civil Protection Act, California Welfare and Institutions Code §§ 15600 *et seq.*; and (6) unjust enrichment. *See generally* ECF No. 1-2 ("Compl."). Plaintiffs allege that they purchased an interest in a timeshare plan on November 8, 2015. *See id.* ¶ 10. The total purchase price was $51,202.00, of which Plaintiffs made a down payment of $38,167.60 and financed $13,004.40 over a period of 120-months at an interest rate of 11.99 percent. *Id.* ¶ 25. Plaintiffs therefore allege that "the 'Total Sales Price[,'] by the end of the loan term, inclusive of down payment, principal and finance charges, will be $60,662.80." *Id.* Plaintiffs seek treble damages and attorneys' fees under the CLRA. *See id.* ¶ 33.

Plaintiffs served Defendants on December 31, 2018. *See* Notice of Removal ("Not."), ECF No. 1, ¶¶ 3–4; *see also* Not. Exs. B & C. On January 30, 2019, Defendants answered the Complaint, *see* Not. Ex. D, and removed to this Court on the basis that there exists complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds $75,000. *See* Not. ¶ 12 (citing 28 U.S.C. § 1332(a)(1)). Plaintiffs filed the instant Motion on February 15, 2019. *See generally* ECF No. 6.

## LEGAL STANDARD

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal

jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

## ANALYSIS

Plaintiffs contend that Defendants' removal was improper because Defendants have failed to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[1] *See* Mot. at 4–7. Given that Plaintiffs allege that the total purchase price was $51,202 and seek treble damages, Defendants removed on the basis that "the potential monetary recovery sought by Plaintiffs in the Complaint is at least in excess of $153,606." Not. ¶ 24 (citing *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000)). The requested "statutory attorney's fees . . . further push[] the amount in controversy above the jurisdictional limit." *Id.* ¶ 25.

Plaintiffs dispute Defendants' calculation, arguing that "Defendants base this amount on the mere assumption that Plaintiffs will not only be successful in rescinding their purchase agreement, but also that punitive and/or treble damages may or may not be granted." Mot. at 5. Further, "an award of attorney's fees rests on the Court's determination on whether or not to grant them," *id.*, and "Defendant's Notice of Removal is barren of any facts that provide a basis that attorney fees will . . . push the amount in controversy above the jurisdictional amount." *Id.* at 6 (citing *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

In essence, the propriety of Defendants' removal hinges upon whether the treble damages Plaintiffs seek in their Complaint properly can be included in the amount in controversy. "Although the jurisdiction of the federal courts is strictly construed, it is clear

---

[1] Plaintiffs do not contest that there is complete diversity of citizenship, *see* Mot. at 4, nor could they: Plaintiffs are residents of California, *see* Not. ¶ 14 (citing Compl. ¶ 1), while Defendants are residents of Delaware and Florida. *See id.* ¶¶ 15–16 (citing Compl. ¶¶ 4–5).

from the complaint that, with attorney's fees, treble damages, and punitive damages, [Plaintiffs] ask[] for far more than $[50,202]." *See Michels v. Geico Ins. Agency, Inc.*, No. 12-CV-5609-RBL, 2012 WL 5866448, at *2 (W.D. Wash. Nov. 19, 2012); *see also Chabner*, 225 F.3d at 1046 n.3 (authorizing district courts to consider treble damages and attorneys' fees in determining the amount in controversy). Indeed, at a minimum, Plaintiffs seek $114,502.80, once their $38,167.60 down payment is trebled, plus attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

## CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion to Remand (ECF No. 6).

**IT IS SO ORDERED.**

Dated: March 29, 2019

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

19-CV-217 JLS (BLM)